UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DANIEL K. BECKEFELD, | ) |
| Plaintiff, | ) |
| vs. | ) CAUSE NO. 3:05-CV-0198 AS |
| BETSY M. JANSMA (TETZLOFF) and MARK S. JANSMA, | ) |
| Defendants. | ) |

*OPINION AND ORDER*

Daniel Beckefeld, a prisoner confined at Miami Correctional Facility, submitted a complaint entitled "suit for defamation," alleging that Mark and Betty Jansma "subjected him to Libel/Slanderous acts in violation of the Plaintiff's U.S.C.A. Const. Amend 1 'Rights'." (Complaint at p. 1). Pursuant to 28 U.S.C. §1915(e)(2), federal courts are authorized to dismiss a claim filed *in forma pauperis* if the allegation of poverty is untrue or if the action or appeal is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary damages from an immune defendant.

A complaint should be dismissed as frivolous when "it lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 322 (1989). *See also Flick v. Blevins*, 887 F.2d 778, 780 (7th Cir. 1989), *cert. denied*, 495 U.S. 934, 110 S.Ct. 2179, 109 L.Ed.2d 508 (1990). A claim based on an "indisputably meritless legal theory" is frivolous. *Denton v. Hernandez*, 504 U.S. at 32, 112 S.Ct. at. A claim is also frivolous when no reasonable person could suppose it to have any merit. *Lee v. Clinton*, 209 F.3d. 1025 (7th Cir. 2000).

According to the complaint, the defendants "used Slander to defame the Plaintiff to Law-Enforcement officers." (Compaint at p. 2). Attachments to the complaint establish that the events Mr. Beckefeld complains of occurred between January 2000 and January 2002. (Exhibit #2, pages 1-3).

Because Mr. Beckefeld alleges that violation of his federally protected rights by persons who are not federal officials, the court will treat this complaint as one brought under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *Bell v. City of Milwaukee*, 746 F.2d 1205 (7th Cir. 1984). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. *Baker v. McCollan*, 443 U.S. 137, 140 (1979).

To state a claim under § 1983, it is essential that the person who committed the alleged wrongful conduct was "acting under color of state law." *Parratt v. Taylor*, 451 U.S. 527, 536 (1981). If the person did not act "under color of state law," the action against him must be dismissed. *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982). The phrase "acting under color of [state] law" is defined as "[m]isuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law . . .." *Monroe v. Pape*, 365 U.S. 167, 184 (1961). The defendants are private parties. Absent very unusual circumstances, private persons do not "act under color of state law," and the facts

presented in this action do not suggest that these defendants acted "under color of state law" when they made the statements Mr. Beckefeld believes defamed him.

Moreover, even if the defendants acted under color of state law, Mr. Beckefeld states no First Amendment claim against them. Under § 1983, a plaintiff, in addition to showing that the defendant is a state actor, must allege violation of rights secured by the Constitution and laws of the United States. *West v. Atkins*, 487 U.S. 42 (1988); *Gomez v. Toledo*, 446 U.S. 635, (1980). Defamation, however, states no claim upon which relief can be granted under § 1983. *Paul v. Davis*, 424 U.S. 693 (1976); *see also Bone v. Lafayette*, 919 F.2d 64 (7th Cir. 1990).

Moreover, even if defamation stated a claim upon which relief can be granted, the claims Mr. Beckefeld seeks to present to the court occurred beyond the statute of limitations. Because there is no federal statute of limitations for actions filed pursuant to § 1983, courts apply the most appropriate state statute of limitations. *Bell v. City of Milwaukee*, 746 F.2d 1205, 1229 (7th Cir. 1984); *Johnson v. City of Fort Lauderdale*, 903 F.Supp. 1520 (S.D.Fla. 1995), *affirmed* 114 F.3d 1089 (11th Cir. 1997). Section 1983 claims are considered as personal injury claims for purposes of determining the applicable state statute of limitations. *Wilson v. Garcia*, 471 U.S. 261 (1985). "Indiana law requires that any action for injuries to the person or character must be commenced within two years after the cause of action accrues. I.C. 34-11-2-4 (formerly Ind. Code § 34-1-2-2(1))." *Doe v. Howe Military School*, 227 F.3d 981, 987 (7th Cir. 2001); *see also Snoderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 894 (7th Cir. 2001) (Two-year statute of limitations "is applicable to all causes of action brought in Indiana under 42 U.S.C. § 1983"). The statute

3

of limitations is an affirmative defense, but if a plaintiff "pleads facts that show his suit is time-barred or otherwise without merit, he has pleaded himself out of court." *Tregenza v. Great American Communications Co.*, 12 F.3d 717, 718 (7th Cir. 1993), *cert. denied*, 511 U.S. 1084 (1994).

The clerk of this court received the complaint in this case on April 6, 2005. The "mailbox" rule established in *Houston v. Lack*, 487 U.S. 266 (1988), under which a prisoner's submissions to the court are to be deemed as "filed" on the date he delivers it to prison authorities for forwarding to the district court, applies to the initial filing of complaints with the court. *Cooper v. Brookshire*, 70 F.3d 377 (5th Cir. 1995). At the screening stage, this court normally accepts the date a prisoner signs the complaint as the date he delivered it to prison officials for mailing. Mr. Beckefeld signed his complaint on March 29, 2005, so, for the purpose of this memorandum, the court will treat any events occurring before March 29, 2003 as beyond the statute of limitations. Attachments to the complaint establish that the events Mr. Beckefeld complains of occurred between before March 29, 2003.

For the foregoing reasons, the court **DISMISSES** the plaintiff's complaint pursuant to 28 U.S.C. §1915(e)(2).

**IT IS SO ORDERED.**

**ENTERED**: May 5, 2005

s/ ALLEN SHARP
**ALLEN SHARP, JUDGE**
**UNITED STATES DISTRICT COURT**

4